UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ASPEN AMERICAN INSURANCE COMPANY,           .
                                            :
                                                    Civil Action No. _____
              Plaintiff,                    :
       vs.                                          **COMPLAINT IN ADMIRALTY**

MSC MEDITERRANEAN SHIPPING
COMPANY S.A.,                               :

              Defendant.                    :
-----------------------------------------------------------

Plaintiff, Aspen American Insurance Company, by its undersigned counsel ("Aspen" or "Plaintiff"), as and for its complaint against Defendant MSC Mediterranean Shipping Company S.A. ("MSC") alleges upon information and belief, as follows:

## THE PARTIES

1. At and all times hereinafter mentioned, Plaintiff Aspen is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Texas with its office and principal place of business at 400 Capital Boulevard, Rocky Hill, Connecticut 06067.

2. At a all times mentioned, Defendant MSC is a corporation or other business entity organized and existing under and by virtue of the laws of another country and does business in the State of New York by and through its general agents, Mediterranean Shipping Company (USA) Inc., which has an office and place of business located at 420 5th Avenue, New York, New York 10018.

3. Plaintiff brings this action as the subrogated insurer of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee

and/or owner of the subject cargo and any others as their interests may appear.

4.      At all times hereinafter mentioned, Defendant MSC is vessel operating common carrier and/or contract carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

5.      Plaintiff's causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, and also arises under Federal Rule of Civil Procedure 9 (h).

6.      Venue is proper and appropriate for this action pursuant to Federal rule of Civil Procedure 82 as this Court's admiralty jurisdiction as been invoked by Plaintiff and Defendant herein is subject to personal service within this District. Furthermore, Defendant MSC's Sea Waybill purportedly provides at Clause 10 for carriage to or from the United States exclusive jurisdiction in the United States District Court for the Southern District of New York for filing of claims against MSC.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 6 of the within Complaint in Admiralty in their entirety , as if set forth herein at length.

8.      On or before May 12, 2022, Defendant MSC issued or caused to be issued a Sea Waybill numbered MEDULF786973 and/or other receipt for the transport of 988 cases of wine loaded in reefer container number CRLU1279523 from Le Havre, France to Oakland, California in consideration of certain freight paid.

9.      The above described shipment was received in good order, condition and quantity at Le Havre on May 9, 2022 and transported aboard the MV MSC ANTIGUA voyage NX218A

to the United States where it was then trans-shipped aboard the MV MSC CARLOTTA voyage MC219a at Rodman, Pennsylvania June 11, 2022 for transport to Oakland.

10. The MV MSC CARLOTTA arrived in Oakland on June 21, 2022 with the subject shipment aboard, but did not berth and discharge the subject reefer container until August 8, 2022

11. On or about August 10, 2022 the subject reefer container was picked up and delivered from the Oakland terminal to the Plaintiff's insured/consignee Louis Latour USA Inc. at Western Wine Services warehouse in San Rafael, California area.

12. The 988 cases of wine were unloaded by the consignee insured or someone acting on its behalf shortly after delivery and were found to have damp cardboard boxes, prevalent and present mold throughout and a foul odor emanated from the shipment. The wine was designated as "NSS" i.e. non-sellable stock.

13. Defendant MSC had been notified of the damages shortly after receipt at final destination in San Rafael and a joint survey was convened on August 31, 2022 with Plaintiff's appointed surveyor from Sedgwick, Louis Latour management, and MSC surveyor Kevin Courtz of NMCI Group all present. Sedgwick's surveyor confirmed the damages described in paragraph 12 herein.

14. As the wine product as a result of the observed mold conditions was adulterated under U.S. government regulations and the risk to human health was to be avoided resulting in no salvage. Rather, the entire wine shipment was a total loss and destroyed at Parallel Products of California on March 6, 2023 after Parallel's receipt on February 23, 2023.

15. A SensiTech Temp Tale ® which recorded the temperatures inside the subject reefer container within which the wine was loaded and stowed commenced collecting temperature data on April 26, 2022, but stopped recording by July 13, 2022. The cessation of temperature recording occurred well after the arrival of the MV MSC CARLOTTA in Oakland

on June 21, 2022, but before the reefer shipment was discharged seven (7) weeks later on August 8, 2022 which is an extraordinary delay. During the time period the Temp Tale had recorded temperatures inside the reefer container; such temperatures were maintained fairly consistently within range set temp of 13 °C as set forth on MSC Sea Waybill.

16. Upon written request, Defendant MSC recently provided the subject reefer container download titled "Raw Data Report For CRLU1279523 Apr 25, 2022 to Aug 16, 2022". It appears that temperatures within the subject reefer container may have been reasonably maintained after receipt at Le Havre in May 2022 and to the time of delivery at Oakland on August 10, 2022. However, the relative humidity (RH) levels within the subject reefer container were consistently and excessively elevated shortly after receipt at Le Havre all the time through to the time of delivery at Oakland.

17. The excessive humidity (RH) levels recorded by MSC within the subject reefer container during the entire time of transport by said Defendant created unsound carriage of and destructive conditions for the wine cargo within the subject reefer container.

18. Plaintiff and its insured have duly performed all duties and obligations on their part to be performed.

### PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANT

### COUNT ONE – BREACH OF CONTRACT

19. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 18 of the within Complaint in Admiralty in their entirety, as if set forth herein at length.

20. Defendant's failure to transport, monitor and deliver the subject cargo of wine upon Defendant's receipt to Plaintiff's insured consignee and/or receiver in the same good order, quantity and condition as received were caused by the Defendant MSC herein and/or its sub-

contractors', agents', and/or servants' breaches of contract owed to the shipper, consignee, receiver and/or owner of said cargo as carrier or bailee of same that resulted from their conduct or omissions to properly receive, store, secure, carry, transport, monitor, discharge, deliver and/or care for the subject cargo. Defendant's failures are breaches of contract by the said Defendant.

21. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $164,070.85.

## COUNT TWO – NEGLIGENCE

22. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 18 of the within Complaint In Admiralty in their entirety as if set forth herein at length.

23. Defendant and Defendant's sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee, receiver and/or cargo owner upon receipt of same and thereafter while the wine cargo was in their care, custody and/or control including loading, transport, monitor, discharge, unloading, storage and delivery.

24. The failure to transport, monitor, store and deliver the subject wine cargo in the same good order, quantity and condition as received is a breach of Defendant's duties and obligations of care as carriers of a known shipment of wine and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

25. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $164,070.85.

## **COUNT THREE – BREACH OF BAILMENT**

26. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 18 of the within Complaint In Admiralty in their entirety as if set forth herein at length.

27. Defendant and Defendant's sub-contractors, agents, and/or servants took possession and exercised care, custody and/or control of the subject wine cargo shipment which constituted a bailment of same.

28. Defendant's failure to deliver the entrusted subject cargo of wine and returning possession, care, custody and/or control of same to Plaintiff's insured, but rather instead sustained a loss by damage, adulteration and rendering the wine cargo a risk for human consumption which constituted a breach of bailment and is/are violation(s) of its/their duties and obligations as bailees.

29. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $164,070.85.

    WHEREFORE, Plaintiff Aspen American Insurance Company demands:

    1. That process in due form of law according to the practice of this Court may issue against the named Defendant;

    2. That a decree and judgment may be entered in favor of the Plaintiff against the Defendant for the amount of Plaintiff's damages in the amount of $164,070.85 or the total damages to be established at trial, together with pre-judgment and post judgment interest and costs;

    3. That this Court grant the Plaintiff such other and further relief as may be just and proper

                                      Respectfully submitted,

                                      __s/   Timothy D. Barrow____

                                      TIMOTHY D. BARROW, ESQ.
                                      tdbarrow@ocean-law.com
                                      (646) 613-8434  / (908) 236-2229
                                      Attorney for Plaintiff,
                                      ASPEN AMERICAN INSURANCE COMPANY

Dated:  August 8, 2023